# In the Supreme Court of Pennsylvania.

## EASTERN DISTRICT.

## ZIMMERMAN, *et al., v.* PERKIOMEN AND READING TURNPIKE ROAD CO.

A chartered right to collect toll granted to a corporation by an act of Assembly, is clearly within the provisions of the 26th section of article I. of the Constitution, and may be revoked or annulled by the Legislature.

The erection of a toll gate within one mile from the Perkiomen or Manatawny Bridges, is contrary to the 5th section of the act of 20 March, 1810, and therefore illegal.

**Error to the Common Pleas of Montgomery County.**

Opinion delivered January 30th, 1873, by

READ, C. J. The defendants were incorporated by an act passed the 20 March 1810, to make an artificial road from the east end of Perkiomen bridge, in the county of Montgomery, passing through Pottsgrove, and passing by the White Horse tavern, in Amity township, in Berks county, to the borough of Reading. This was a link in the chain of turnpike companies, forming a continuous turnpike road from Philadelphia to Sunbury. The Germantown and Perkiomen turnpike road had been previously constructed from the east end of said bridge to the city of Philadelphia, and the Centre turnpike road, leading from Reading to Sunbury, had been incorporated in 1805. The act of 1810 had been altered by two supplements, passed on the 13th February, 1811, and 31st March, 1812.

The fifth section of the act of 1810, enacted "that the said company shall not erect a gate to receive toll, within one mile of Perkiomen and Manatawny bridges," both of which were large and expensive stone, county, free bridges, over which the turnpike road passed, saving the company, according to the case stated, upwards of one hundred thousand dollars in crossing those streams. The provision was, therefore, a reasonable and proper one, in view of the great advantages gained by the company in having one of the most costly portions of their road provided by the people of the county of Montgomery. By an act of the 3d April, 1867, this fifth section was repealed, and by an act of the 13th February, 1868, this repealing act was repealed, thus restoring the original fifth section of the act of 1810. Under the act of 1867, a gate had been erected

by the company, at the west end of Perkiomen bridge, which gate had been removed and thrown into Perkiomen creek and the toll house burned by incendiaries, so that there was neither gate nor toll house at the west end at the time of the passage of the act of 1868. It will be observed that both these repealing acts were passed subsequently to the fourth constitutional amendment of 1857, and of course subject to its provisions, giving power to the legislature to "alter, revoke, or annul any charter of incorporation thereafter conferred by or under any special or general law, whenever, in their opinion, it may be injurious to the citizens of the Commonwealth, in such manner, however, that no injustice shall be done to the incorporators."

The repealing act of 1867, if a simple act of legislation, is repealable at pleasure ; and if it be in the nature of a chartered right for the corporation to collect toll, then it is clearly within the purview of the 26th section of the first article of the Constitution, and may be revoked or annulled by the Legislature. Any other construction would place all new amendments or additions to old charters, however radical, entirely beyond the control of the legislative department of the government.

The act of 1868 was, therefore, a constitutional and proper act, restoring the original provision of the old charter. The erection of one toll-gate under the act of 1867, was simply an entering-wedge to the erection of another toll-gate at the Manatawny bridge, practically making these free county bridges into toll-bridges, and in the last case affecting very injuriously the citizens of the borough of Pottstown.

We are of opinion that the plaintiffs have no right to erect and maintain a gate and collect toll at any point within one mile from either of the said Perkiomen or Manatawny bridges.

Judgment reversed and judgment entered on the case stated for the defendants.

*G. N. Rogers, Esq.*, for plaintiffs in error. *Messrs. G. R. Fox* and *D. H. Mulvany*, for defendants, in error.